# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 24-10652** |
| **SOUTHWESTERN MATTRESS** | § | |
| **SALES, INC.,** | § | |
| | § | |
| **Debtor.** | § | **Chapter 11 (Subchapter V)** |
| | § | |

## FIRST INTERIM ORDER GRANTING DEBTOR'S MOTION FOR INTERIM AUTHORITY TO USE CASH COLLATERAL AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor-in-possession

(the "**Debtor**") for the entry of an order (this "**Interim Order**") authorizing the interim use of

Cash Collateral; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances for the interim relief requested; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is authorized to use Cash Collateral in which any alleged secured creditors may have an interest, in accordance with the Budget attached to this Interim Order as **Exhibit 1**.

3.      Any creditor with an alleged security interest in the Debtor's Cash Collateral as of the Petition Date is granted a Replacement Lien pursuant to section 361(2) of the Bankruptcy Code, solely to the extent the Cash Collateral is used, in all cash or cash collateral the Debtor acquires or generates after the Petition Date, but solely to the same extent and priority as existed pre-petition and subject to a determination by the Court that any applicable creditor held a valid, fully perfected, enforceable, pre-petition lien on Cash Collateral as of the Petition Date (such creditors holding a valid, fully perfected, and enforceable pre-petition lien on Cash Collateral, the "**Secured Creditors**").

4.    The Replacement Liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtor or the proceeds of the recovery upon such actions.

5.    The Replacement Liens will not apply to any reduction in cash value caused from the payment of an expense that is later surcharged against any creditor's collateral based on Bankruptcy Code section 506(c).

6.    Subject to the limiting conditions on the Replacement Liens, the Replacement Liens shall be binding upon any subsequently appointed Chapter 11 or Chapter 7 trustee.

7.    The Debtor is authorized: (i) to exceed any line item on the Budget by an amount equal to ten percent (10%) of each such line item; or (ii) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total Budget.

8.    The Debtor may not amend or modify the terms and conditions of its use of the Cash Collateral, or amend, modify, roll-forward, or replace the Budget absent further order of this Court.

9.    The Secured Creditors are hereby granted an administrative claim with a priority equivalent to a claim under Bankruptcy Code sections 503(b), and 507(b), on a dollar-for-dollar basis for and solely to the extent of any diminution in value of the Cash Collateral, which administrative claim shall, among other things, have priority over all other costs and expenses, except for reasonable compensation of the Debtor's professionals approved by order of the Court.

10.    This Interim Order is not and shall not be construed as determinative as to whether or not any Secured Creditor has a valid lien on any property of the Debtor or its estate and is not and shall not be construed as determinative as to the extent, priority, or amount of any secured claim associated with such lien.

11.     This Interim Order is without prejudice to the Debtor or any other party's right to challenge the extent, validity, or priority of any lien or claim of any alleged Secured Creditor, and it is likewise without prejudice to the right of any such Secured Creditor to seek additional adequate protection or other relief concerning cash collateral by subsequent motion or relief from the automatic stay.

12.     The Debtor shall not pledge, grant, or permit a security interest superior to that of Secured Creditors in any pre-petition collateral or the collateral subject to the security interests or liens granted herein, unless ordered by the Court.

13.     Any provisions in any final order on the use of Cash Collateral shall not affect any of the interim protections afforded to the Secured Creditors in this Interim Order.

14.     Except as expressly amended hereby, this Interim Order shall not affect any of the loan documents between the Debtor and any Secured Creditor, which loan documents shall remain in full force and effect.

15.     The parties reserve all rights that may be available to them under the Bankruptcy Code, the laws of any state and equity. Nothing herein shall be construed to constitute a waiver or release of any right, whether known or unknown.

16.     The protections provided herein to the Secured Creditors are hereby deemed, on an interim basis, to constitute adequate protection of such Secured Creditors' interests in the Cash Collateral.

17.     Any amendment, modification, supplement or waiver of any provision in this Interim Order shall be in writing and must be approved by the Court on appropriate notice by the Debtor.

18.      The authorization for use of Cash Collateral under this Interim Order shall be in effect from and after June 12, 2024 subject to being renewed or extended by order of the Court after notice and hearing.

19.      The relief granted in this Interim Order is without prejudice to the rights of parties in interest at a final hearing.

20.      A final hearing on this matter shall be held on _____, 2024 at _____ prevailing Central time. The deadline to object to the entry of a Final Order on the Motion is _____, 2024. The Debtor shall submit a proposed Final Order and proposed final budget, under a notice of coversheet by _____, 2024.

21.      The Debtor shall serve this Interim Order on all parties required under Bankruptcy Rule 4001(d)(1)(C) and file a certificate of service with the Court.

22.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

### # # # END OF ORDER # # #

Prepared and submitted by:

*/s/ Jason Binford*
Jason Binford, State Bar No. 24045499
J. Casey Roy, State Bar No. 00791578
2901 Via Fortuna
Bldg. 6, Suite 450
Austin, TX 78746
Telephone: 512-351-4778
Facsimile: 214-377-9409
Email: jason.binford@rsbfirm.com
Email: casey.roy@rsbfirm.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION**

## EXHIBIT 1

**BUDGET**

## Southwest Mattress Sales, Inc. dba Factory Mattress

*13 Week Cash Flow Forecast*

| 13 Week Cash Flow / Week | Forecast 1 | Forecast 2 | Forecast 3 | Forecast 4 | Forecast 5 | Forecast 6 | Forecast 7 | Forecast 8 | Forecast 9 | Forecast 10 | Forecast 11 | Forecast 12 | Forecast 13 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Ending | 06/07/24 | 06/14/24 | 06/21/24 | 06/28/24 | 07/05/24 | 07/12/24 | 07/19/24 | 07/26/24 | 08/02/24 | 08/09/24 | 08/16/24 | 08/23/24 | 08/30/24 | Total |
| Beginning Cash | $ 642,660 | $ 447,934 | $ 667,897 | $ 538,359 | $ 598,939 | $ 553,306 | $ 801,383 | $ 866,987 | $ 837,979 | $ 226,161 | $ 86,288 | $ 133,182 | $ 92,362 | $ 642,660 |
| **Plus:** | | | | | | | | | | | | | | |
| Cash Receipts from Operations | 39,244 | 229,963 | 337,193 | 497,392 | 440,831 | 302,205 | 322,999 | 320,226 | 193,344 | 203,387 | 194,599 | 246,074 | 418,074 | 3,745,532 |
| Total Cash Receipts | 39,244 | 229,963 | 337,193 | 497,392 | 440,831 | 302,205 | 322,999 | 320,226 | 193,344 | 203,387 | 194,599 | 246,074 | 418,074 | 3,745,532 |
| **Less:** | | | | | | | | | | | | | | |
| Payroll (Payroll tax included) | - | - | 140,812 | - | 110,812 | - | 110,812 | - | 110,812 | - | 110,812 | - | 110,812 | 694,872 |
| 503(b)9 Vendor Payments | 78,080 | - | 87,247 | 47,245 | - | 2,092 | 97,046 | 87,587 | 140,577 | 56,367 | - | - | - | 596,241 |
| Rent | 14,179 | - | - | - | 267,875 | - | - | - | 267,875 | - | - | - | 267,875 | 817,803 |
| Operating Expenses | 1,387 | - | 16,256 | 16,256 | 8,879 | 8,879 | 8,879 | 8,879 | 6,179 | 6,179 | 6,179 | 6,179 | 6,179 | 100,311 |
| Advertising | 96,578 | - | 159,000 | 4,500 | 33,015 | 4,500 | 4,500 | 4,500 | 104,068 | 4,500 | 4,500 | 4,500 | 4,500 | 428,661 |
| Store Operating Costs (COGS) | 1,705 | - | 53,415 | 53,415 | 28,657 | 28,657 | 28,657 | 28,657 | 18,715 | 18,715 | 18,715 | 18,715 | 18,715 | 316,738 |
| Legal Other | 800 | - | - | - | 940 | - | - | - | 940 | - | - | - | - | 2,680 |
| Employee Benefits | 80 | - | - | - | 19,237 | - | - | - | 19,237 | - | - | - | - | 38,554 |
| Customer Refund | 132 | - | - | - | 3,059 | - | - | - | 3,059 | - | - | - | - | 6,250 |
| 1099 Delivery | - | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 105,000 |
| Property Insurance | - | - | - | 12,111 | - | - | - | 12,111 | - | - | - | - | 12,111 | 36,333 |
| Inventory Vendor Payments - Post Petition Purchases | - | - | - | - | - | - | - | 200,000 | 125,000 | 250,000 | - | 250,000 | - | 825,000 |
| Vendor Credit CoOp | - | - | - | - | (41,011) | - | - | - | (43,800) | - | - | - | (48,085) | (132,896) |
| 503(b)9 Vendor Pmts. (Inventory Rec'd not Invoiced) | - | - | - | 293,285 | - | - | - | - | - | - | - | - | - | 293,285 |
| Total Cash Disbursements | 192,941 | 10,000 | 466,731 | 436,813 | 441,464 | 54,128 | 257,395 | 349,235 | 760,162 | 343,261 | 147,706 | 286,894 | 382,106 | 4,128,833 |
| **Operating Cash Increase (Decrease)** | (153,696) | 219,963 | (129,538) | 60,579 | (632) | 248,077 | 65,604 | (29,008) | (566,818) | (139,873) | 46,894 | (40,820) | 35,968 | (383,301) |
| Professional Expenses | 41,030 | - | - | - | 45,000 | - | - | - | 45,000 | - | - | - | 45,000 | 176,030 |
| **Total Period Cash Increase (Decrease)** | (194,726) | 219,963 | (129,538) | 60,579 | (45,632) | 248,077 | 65,604 | (29,008) | (611,818) | (139,873) | 46,894 | (40,820) | (9,032) | (559,331) |
| **Ending Cash** | $ 447,934 | $ 667,897 | $ 538,359 | $ 598,939 | $ 553,306 | $ 801,383 | $ 866,987 | $ 837,979 | $ 226,161 | $ 86,288 | $ 133,182 | $ 92,362 | $ 83,330 | $ 83,330 |